UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONNIE BEE CISLO,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-57-HAB-SLC

RON HEEG, ERIC TCHAPTCHET,
CHERYL STRAHLE, LAPORTE
COUNTY SHERRIFF DEPT., and
QUALITY CORRECTIONAL CARE,
LLC,

    Defendants.

OPINION AND ORDER

Ronnie Bee Cislo, a prisoner without a lawyer, filed a complaint alleging he is a heroin addict who is being denied buprenorphine (Suboxone) at the LaPorte County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cislo attempts to sue under Title II of the Americans with Disabilities Act (ADA) by asserting his heroin addiction is a disability which is the motivation for the defendants denying him buprenorphine. "To establish a violation of Title II of the ADA,

the plaintiff must prove that he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (quotation marks and citation omitted). Here, Cislo is not alleging the denial of a service, program, or activity within the meaning of ADA. He is alleging only the denial of medical treatment, but "the ADA does not create a remedy for medical malpractice." *Brown v. Meisner*, 81 F.4th 706, 709 (7th Cir. 2023) (quotation marks omitted) *quoting Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). This complaint does not state a claim under the ADA.

It appears Cislo is a pretrial detainee. Under the Fourteenth Amendment, a pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 539. This complaint does not plausibly allege that the reason Cislo is being denied buprenorphine is to punish him. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). However, "it will not be enough to show negligence or gross negligence." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

This complaint says Cislo is being denied buprenorphine, but it does not say what treatment he is receiving. It says he is in pain, but

> [w]hether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (quotation marks and citation omitted). This is why courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

This complaint does not contain enough facts about Cislo's medical condition and treatment to state a claim. It does not provide facts explaining what role any of the defendants have in that treatment. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be

3

redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Cislo believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Ronnie Bee Cislo;

(2) GRANTS Ronnie Bee Cislo until **February 27, 2024**, to file an amended complaint on that form; and

(3) CAUTIONS Ronnie Bee Cislo if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 24, 2024.

                                                s/Holly A. Brady
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT