UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONNIE BEE CISLO,

    Plaintiff,

v.

RON HEEG, ERIC TCHAPTCHET, CHERYL STRAHLE, LAPORTE COUNTY SHERRIFF DEPT., and QUALITY CORRECTIONAL CARE, LLC,

    Defendants.

CAUSE NO. 3:24-CV-57-HAB-SLC

OPINION AND ORDER

Ronnie Bee Cislo, a prisoner without a lawyer, filed a complaint attempting to raise claims under Title II of the Americans with Disabilities Act (ADA). ECF 1. In the screening order, the court found it did not state a claim because "the ADA does not create a remedy for medical malpractice." *Brown v. Meisner*, 81 F.4th 706, 709 (7th Cir. 2023) (quotation marks omitted) *quoting Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). ECF 4 at 2. Cislo was granted leave to file an amended complaint because it was possible, he could state a Fourteenth Amendment claim for a denial of constitutionally adequate medical treatment. In response, Cislo filed an amended complaint but he did not raise a Fourteenth Amendment claim as suggested. Rather, he again asserts an ADA claim. As previously explained, Cislo does not have an ADA claim. *See* ECF 4.

Cislo wants to participate in a Medically Assisted Treatment (M.A.T.) program for his heroin addition. On January 31, 2024, the LaPorte Circuit Court ordered that he

be permitted to participate in the M.A.T. program at the LaPorte County Jail. *State v. Cislo*, 46C01-2312-F6-1744 (LaPorte Circuit Court, filed December 4, 2023), available at https://public.courts.in.gov/mycase. On February 1, 2024, the LaPorte Circuit Court rescinded that order because it found that no such program exists. *Id*. Nevertheless, Cislo may still have a claim for a denial of constitutionally adequate medical treatment.

In his original complaint, Cislo alleged he was in pain because he was denied buprenorphine. In his amended complaint, he says he is not receiving any treatment, but he does not explain what medical professionals he has spoken to about his pain. He does not name a medical professional as a defendant. He does not say he has been prevented from speaking to a medical professional. If someone has personally denied him medical treatment or prevented him from speaking to a medical professional, he needs to name that person as a defendant and explain when and how that person denied him medical treatment or prevented him from speaking to a medical professional. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Defendants do not become liable merely because they received a letter to which they did not respond. *Id*. at 593. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

If Cislo believes he can state a claim for a denial of constitutionally adequate medical treatment under either the Fourteenth Amendment (for when he was a pretrial detainee) or under the Eighth Amendment (for when he was a convicted prisoner) based on the events described in this complaint, he may file a Second Amended

Complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). The clerk will send him the form he needs to file a complaint. Under N.D. Ind. L.R. 7-6, he is required to use that form.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Ronnie Bee Cislo;

(2) GRANTS Ronnie Bee Cislo until **March 28, 2024**, to file an amended complaint on that form;

(3) CAUTIONS Ronnie Bee Cislo that if he does not use the court's Prisoner Complaint form to file his Second Amended Complaint, it will be stricken without further notice; and

(4) CAUTIONS Ronnie Bee Cislo that if he does not file a Second Amended Complaint on the court's Prisoner Complaint form by the deadline, this case may be dismissed under 28 U.S.C. § 1915A without further notice.

SO ORDERED on February 28, 2024

                                                          s/Holly A. Brady
                                                          CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT